FILED
2012 May-17 AM 08:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORP., ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. 11-cv-1401-CLS-NE |
| THOMAS J. COGBILL, d/b/a THE A/C DOCTOR, ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff, Educational Credit Management Corporation, brought this action against defendant, Thomas J. Cogbill, doing business as The A/C Doctor, *pro se*, pursuant to 20 U.S.C. § 1095a.[1] Plaintiff alleges that Stacie Curtis, one of defendant's employees, has defaulted on her student loan debt, and that defendant has refused to comply with an order to garnish her wages in satisfaction of that debt.[2] Plaintiff moved for summary judgment.[3] Upon consideration of the motion, brief, and evidentiary submission, the court concludes that the motion is due to be granted.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment "should

---

[1] Doc. no. 1 (Complaint).

[2] *Id.* ¶¶ 9-13.

[3] Doc. no. 16.

be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[4] In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact 'exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party.'" *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999) (quoting *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1284-85 (11th Cir. 1997)).

"In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692

---

[4] Rule 56 was amended, effective December 1, 2010, in conjunction with a general overhaul of the Federal Rules of Civil Procedure. The Advisory Committee was careful to note, however, that the changes "will not affect continuing development of the decisional law construing and applying these phrases." Adv. Comm. Notes to Fed. R. Civ. P. 56 (2010 Amends.). Consequently, cases interpreting the previous version of Rule 56 are equally applicable to the revised version.

F.2d 1321, 1324 (11th Cir. 1983). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921); s*ee also Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

## II.  BACKGROUND

Plaintiff filed a motion for summary judgment on December 22, 2011.[5] The court entered a briefing schedule; defendant's response was due on or before January 17, 2012.[6] Defendant never filed a response. On January 30, 2012, plaintiff moved for entry of summary judgment, on the basis of defendant's failure to file a response.[7] The court ordered defendant to respond to that motion on or before February 15, 2012.[8] As of the present date, defendant has not filed any response with the court.[9]

---

[5] Doc. no. 16.

[6] Text order of December 27, 2011.

[7] Doc. no. 17.

[8] Doc. no. 18.

[9] In fact, defendant has filed only one document with the court, an answer that consisted of one word: "**DENY**." Doc. no. 6 (Answer) (emphasis original).

Thus, the only facts in the record are those provided by plaintiff in support of its motion for summary judgment.

Plaintiff is a student loan guaranty agency that participates in the Federal Family Education Loan Program (the "Program").[10]  The Program is a statutory scheme that encourages lenders to make educational loans to students; the federal government pays part of the interest on the loans and guarantees their repayment. *See generally* 20 U.S.C. §§ 1071-87.  Under the terms of the Program, the government may contract with guaranty agencies to perform some services, including guaranteeing loans and collecting on defaulted loans. *See id.* §§ 1078(b), 1085(j).  Guaranty agencies under contract with the government have the power to issue administrative wage garnishment orders, requiring the employers of borrowers who have defaulted on their loans to withhold up to 15% of their "disposable pay." *Id.* § 1095a(a). "Disposable pay" is defined to include "that part of the compensation of any individual from an employer remaining after the deduction of any amounts required by law to be withheld," *e.g.*, taxes and Social Security payments. *Id.* § 1095a(e). Before garnishment can begin, the borrower must be provided notice of the intent to withhold earnings and the borrower may request a hearing. *Id.* § 1095a(a)(2); *id.* § 1095a(a)(5).

Stacie Curtis defaulted on her student loans, which were issued under the terms

---

[10] Doc. no. 16-2 (Affidavit of Becca Riedell) ¶ 2.

of the Program; she owed $9,137.07 as of November 29, 2011.[11]  Plaintiff is the guaranty agency assigned to Curtis's loans.[12]  Curtis is employed by defendant, Thomas Cogbill.[13]  On March 5, 2010, plaintiff served Curtis with notice that plaintiff was going to order defendant to withhold her wages unless she took action within 30 days.[14]  On April 12, 2010, plaintiff served defendant with a withholding order, requiring him to withhold 15% of Curtis's disposable pay.[15]  Defendant did not respond to the withholding order, and on June 14, 2010, plaintiff sent defendant a second notice of withholding.[16]

From the date plaintiff served the first withholding order to the present, more than two years have passed.  However, the record contains Curtis's pay stubs for only six non-consecutive weeks in 2011.[17]  Those stubs indicate that Curtis was paid a wage of $13.00 per hour during those pay periods.[18]  During the six weeks for which there is evidence in the record, Curtis worked 40, 41.25, 39.5, 26.5, 38.25, and 24.75

---

[11] *Id.* ¶¶ 4-5.

[12] *Id.* ¶ 4.

[13] *See* doc. no. 16-2 at Ex. D (Pay Stubs of Stacie Curtis).

[14] Doc. no. 16-2 at Ex. A (Notice Prior to Wage Withholding).

[15] Doc. no. 16-2 at Ex. B (Order of Withholding from Earnings).

[16] Doc. no. 16-2 at Ex. C (Second Notice of Order of Withholding from Earnings).

[17] Pay Stubs of Stacie Curtis.  The pay stubs, which were obtained from Curtis via subpoena, are for the weeks ending on August 20th, September 3rd, September 24th, October 8th, October 15th, and October 22th.

[18] *Id.*

hours.[19] Over the course of those six weeks, after deductions for taxes and Social Security, she earned a total of $2,162.25.[20] Fifteen percent of that amount is $259.46.

### III.  DISCUSSION

As a guaranty agency under the Program, plaintiff has the authority to order an employer, such as defendant, to withhold wages to satisfy a debt, and may bring suit to recover should the employer fail to comply. Specifically, 20 U.S.C. § 1095a provides that:

> the employer shall pay to . . . the guaranty agency as directed in the withholding order issued in this action, . . . and . . . the guaranty agency, as appropriate, may sue the employer in a State or Federal court of competent jurisdiction to recover, any amount that such employer fails to withhold from wages due an employee following receipt of such employer of notice of the withholding order, plus attorneys' fees, costs, and, in the court's discretion, punitive damages, but such employer shall not be required to vary the normal pay and disbursement cycles in order to comply with this paragraph . . . .

20 U.S.C. § 1095a(a)(6). In order to collect on a defaulted loan, the guaranty agency must provide 30 days' notice to the borrower of its intent to garnish wages. *Id.* § 1095a(a)(2).[21] The notice must inform the borrower "of the nature and amount of the loan obligation to be collected, the intention of the guaranty agency . . . to initiate

---

[19] *Id.* Curtis was paid a wage of $19.50 for the overtime hours she worked in the second reported week.

[20] *See id.*

[21] In addition to the statutory requirements, regulations issued by the Department of Education also govern the garnishment procedure. Those regulations, found at 34 C.F.R. § 682.410(b)(9), largely mirror the statute.

proceedings to collect the debt through deductions from pay, and an explanation of the rights of the individual under this section." *Id.* If the borrower takes no action following receipt of notice, the guaranty agency may serve the employer with a withholding order. *Id.* § 1095a(a)(6). That order "shall contain only such information as may be necessary for the employer to comply with the withholding order." *Id.* § 1095a(c).

The evidence in the record demonstrates that plaintiff was entitled to garnish Curtis's wages, and that plaintiff followed the proper procedure to do so. Plaintiff served Curtis with notice, but Curtis took no action.[22] Then, more than 30 days later, plaintiff served defendant with a withholding order.[23] That order specified Curtis's name and other identifying information, the amount she owed, plaintiff's tax identification number, and the federal statutory and regulatory authority for the withholding.[24] To date, defendant has not withheld funds from Curtis's pay.[25] Thus, summary judgment is due to be granted.

The amount defendant presently owes plaintiff is unclear. The record before the court is limited to pay stubs covering only six weeks of the two-year period in

---

[22] Notice Prior to Wage Withholding.
[23] Order of Withholding from Earnings.
[24] *Id.*
[25] Affidavit of Becca Riedell ¶ 8.

which defendant has been obligated to withhold a portion of Curtis's wages.[26] Those records were obtained via a subpoena served on Curtis.[27] Plaintiff provides an estimate of the damages owed based on the assumption that Curtis worked an average of 30 hours per week over the relevant period.[28] Plaintiff requests that the court award it damages in the amount of $45.80 per week from April 12, 2011, when the withholding order was served on defendant, to the date of judgment.[29] That amount is equivalent to 15% of Curtis's disposable income, based on an assumed 30 hour work week.[30] Plaintiff also requests an injunction requiring defendant to withhold 15% of Curtis's disposable pay in the future, until the entire amount owed is paid off.[31]

Rather than relying on an estimate, the court will allow the individual defendant, Thomas J. Cogbill, *a limited opportunity to provide full and accurate records of Curtis's earnings in the relevant period*. **Defendant Cogbill should clearly understand that his failure to provide such records within the time allowed will result in the court entering judgment in favor of plaintiff in the amount of $45.80 per week, computed from April 12, 2011, the date upon which**

---

[26] Pay Stubs of Stacie Curtis.
[27] Affidavit of Becca Riedell ¶ 11.
[28] Doc. no. 16, at 4.
[29] *Id.* at 9.
[30] *Id.*
[31] *Id.*

**the withholding order was served on defendant Cogbill, to the date of judgment**, in addition to issuing the injunction sought by plaintiff. If defendant's avails himself of the opportunity *to provide to both plaintiff and this court full and accurate records of Curtis's earnings in the relevant period within the time allowed,* provision of that information will make a more accurate calculation of damages possible. Plaintiff has also requested costs, and attorney's fees in the amount of $5,230.50.[32]

    An appropriate order will entered contemporaneously herewith.

    **DONE** this 17th day of May, 2012.

_____
United States District Judge

---

[32] *See* doc. no. 19-1 (Affidavit of W. McCollum Halcomb), at Ex. 1 (Invoice).